**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANNY L. LOWE,

    *Plaintiff*,

v.                                                                          CASE NO.: 3:20-cv-237-MMH-PDB

CORIZON OF FLORIDA, LLC,
CENTURION OF FLORIDA, LLC,
MARK S. INCH, in his official capacity as
Secretary of the Florida Department of
Corrections, and JULIE JONES, in her
official capacity as former Secretary of
the Florida Department of Corrections,

    *Defendants*.
_____/

## AMENDED COMPLAINT

Plaintiff, Danny L. Lowe, sues Defendants Corizon of Florida, LLC ("Corizon"), Centurion of Florida, LLC ("Centurion"), Mark S. Inch, in his official capacity as Secretary of the Florida Department of Corrections, and Julie Jones, in her official capacity as former Secretary of the Florida Department of Corrections, and alleges:

### INTRODUCTION

1. This action is based on Defendants' violations of Plaintiff Lowe's rights guaranteed by the Eighth Amendment to the U.S. Constitution, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA").

2. Defendants violated Plaintiff Lowe's rights under those laws by denying him medical treatment that was necessary to cure his Hepatitis C Virus ("HCV") infection while he was incarcerated and unable to seek medical treatment on his own.

## JURISDICTION

3. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise out of the Constitution and laws of the United States and, thus, present federal questions.

4. Mr. Lowe's claim is based on a violation of 42 U.S.C. § 1983.

5. Mr. Lowe complied with all conditions precedent and exhausted his administrative remedies prior to filing this action.

6. In alternative to paragraph 4, any further effort by Mr. Lowe to exhaust his administrative remedies would be futile.

## PARTIES

7. Plaintiff, Danny L. Lowe, is, and was at all times material, a prisoner in the custody of the Florida Department of Corrections ("Florida DOC").

8. Mr. Lowe entered the custody of the Florida DOC on or about December 11, 2015.

9. Defendant Corizon is a provider of correctional healthcare

services.

10. Defendant Corizon contracted with Florida DOC to provide healthcare services to inmates at all Florida DOC prisons from before December 11, 2015 until approximately May 31, 2016.

11. Accordingly, Defendant Corizon was responsible for providing healthcare services to Plaintiff Lowe from approximately December 11, 2015 to May 31, 2016.

12. Defendant Centurion is a provider of correctional healthcare services.

13. Defendant Centurion contracted with Florida DOC to provide healthcare services to inmates at all Florida DOC prisons since approximately February 1, 2016.

14. Accordingly, Defendant Centurion has been responsible for providing healthcare services to Plaintiff Lowe from approximately June 1, 2016 to present.

15. Defendant Inch is the current Secretary of the Florida DOC.

16. As Secretary of the Florida DOC, Defendant Inch is responsible for ensuring that the Florida DOC is operated in accordance with the U.S. Constitution.

17. Defendant Jones was the Secretary of the Florida DOC from before December 11, 2015 until she was replaced on or about January 8, 2019.

## GENERAL ALLEGATIONS

18. Florida DOC knew or should have known that Mr. Lowe had a HCV infection when he entered Florida DOC's custody in December, 2015.

19. Though he had HCV when he entered the custody of the Florida DOC in December 2015, Mr. Lowe did not begin receiving DAA treatment until late February 2018.

20. Chronic, untreated HCV causes liver inflammation, impairs liver function, and eventually leads to permanent scarring, or fibrosis, of the liver.

21. Liver fibrosis commonly causes fatigue, weakness, arthritis, muscle wasting, and skin rashes.

22. Liver fibrosis also can lead to fluid retention, jaundice, internal bleeding, encephalopathy, increased risk of infections, lymph disorders, seizures, hepatocellular carcinoma (liver cancer), and even death.

23. Chronic HCV infection presents an objectively serious medical need.

24. A new class of drugs known as direct-acting antivirals ("DAAs") were approved for use beginning in late 2013.

25. Roughly 90% to 95% of HCV positive patients treated with DAAs were cured of the HCV.

26. In addition to being curative, DAAs also offered patients immediate health benefits including decreases in liver inflammation, fibrosis,

fibrosis-related complications, and liver-related mortality.

## DELAY IN TREATMENT OF PLAINTIFF DANNY L. LOWE

27. Treatment of HCV-infected patients with DAAs became the medical standard of care in 2014.

28. The Florida DOC had policy, practice, and custom of refusing to treat HCV-infected inmates with DAAs from the time those drugs became available until sometime in 2017.

29. Florida DOC maintained that policy, practice, and custom until sometime in 2017 even though it knew that the policy, practice, and custom of refusing DAA treatment subjected HCV-positive inmates, including Mr. Lowe, to an unreasonable risk of pain, liver scarring, liver failure, cancer, encephalopathy, and even death.

30. Defendants Corizon and Centurion, as medical contractors for Florida DOC, also adopted and participated in the policy, practice, and custom of refusing to provide DAAs to Florida inmates infected with HCV, including Mr. Lowe.

31. A score known as the METAVIR score (or METAVIR scale) is commonly used to measure the extent of liver scarring present in a specific patient. Possible METAVIR scores are F0 (no liver fibrosis), F1 (mild liver fibrosis), F2 (moderate liver fibrosis), F3 (severe liver fibrosis), or F4 (cirrhosis).

5

32. Mr. Lowe's METAVIR score advanced to F4 before Defendants began his DAA treatment.

33. By refusing DAA treatment to Mr. Lowe until late February 2018, Florida DOC and its medical contractors, Corizon and Centurion, caused Mr. Lowe permanent and irreversible liver damage.

### COUNT I – VIOLATION OF 42 U.S.C. § 1983 – AGAINST ALL DEFENDANTS INCH AND JONES

34. Plaintiff incorporates the allegations of paragraphs 1-33 as if fully stated herein.

35. At all times material, Defendants Inch and Jones and their subordinate policymakers and agency employees, knew about and enforced a policy, practice, and custom of delaying or denying DAA treatment to HCV-infected inmates, including Mr. Lowe.

36. Through this policy, practice, and custom, Defendants Jones and Inch were deliberately indifferent to Mr. Lowe's serious medical needs and violated the Eighth Amendment prohibition against cruel and unusual punishment.

37. Defendants Jones and Inch acted under color of state law with respect to their HCV treatment policy, practice, and custom.

38. As a direct and proximate result of the policy, practice, and custom by Defendants Inch and Jones of denying or delaying DAA treatment to HCV-

positive inmates, including Mr. Lowe, Mr. Lowe suffered a violation of his right to not be subjected to cruel and unusual punishment.

39.     As a further direct and proximate result of the policy, practice, and custom by Defendants Inch and Jones of denying or delaying DAA treatment to HCV-positive inmates, including Mr. Lowe, Mr. Lowe suffered damages, including permanent physical injuries, pain, suffering, disability, and aggravation of a pre-existing condition.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT CORIZON

40.     Plaintiff incorporates the allegations of paragraphs 1-33 as if fully stated herein.

41.     From on or about December 11, 2015 to May 31, 2016, Defendant Corizon, through its agents, apparent agents, and/or employees, knew about and enforced a policy, practice, and custom of delaying or denying DAA treatment to HCV-infected inmates, including Mr. Lowe.

42.     Defendant Corizon acted under color of state law with respect to its HCV treatment policy, practice, and custom.

43.     Through this policy, practice, and custom, Defendant Corizon was deliberately indifferent to Mr. Lowe's serious medical needs and violated the Eighth Amendment prohibition against cruel and unusual punishment.

44.     As a direct and proximate result of the policy, practice, and custom

7

by Defendant Corizon of denying or delaying DAA treatment to HCV-positive inmates, including Mr. Lowe, Mr. Lowe suffered a violation of his right to not be subjected to cruel and unusual punishment.

45. As a further direct and proximate result of the policy, practice, and custom by Defendant Corizon of denying or delaying DAA treatment to HCV-positive inmates, including Mr. Lowe, Mr. Lowe suffered damages, including permanent physical injuries, pain, suffering, disability, and aggravation of a pre-existing condition.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT CENTURION

46. Plaintiff incorporates the allegations of paragraphs 1-33 as if fully stated herein.

47. From on or about December 11, 2015 to May 31, 2016, Defendant Centurion, through its agents, apparent agents, and/or employees, knew about and enforced a policy, practice, and custom of delaying or denying DAA treatment to HCV-infected inmates, including Mr. Lowe.

48. Defendant Centurion acted under color of state law with respect to its HCV treatment policy, practice, and custom.

49. Through this policy, practice, and custom, Defendant Centurion was deliberately indifferent to Mr. Lowe's serious medical needs and violated the Eighth Amendment prohibition against cruel and unusual punishment.

8

50. As a direct and proximate result of the policy, practice, and custom by Defendant Centurion of denying or delaying DAA treatment to HCV-positive inmates, including Mr. Lowe, Mr. Lowe suffered a violation of his right to not be subjected to cruel and unusual punishment.

51. As a further direct and proximate result of the policy, practice, and custom by Defendant Centurion of denying or delaying DAA treatment to HCV-positive inmates, including Mr. Lowe, Mr. Lowe suffered damages, including permanent physical injuries, pain, suffering, disability, and aggravation of a pre-existing condition.

WHEREFORE, Plaintiff, Danny L. Lowe, demands judgment against Defendants Inch, Jones, Corizon, and Centurion for compensatory damages, costs of this action, attorney's fees in accordance with 42 U.S.C. § 1988, and such other relief as the Court deems appropriate.

**SPOHRER & DODD, P.L.**

*/s/ Galen D. Bauer*
Robert F. Spohrer, Esquire
Florida Bar No.: 184500
Galen D. Bauer, Esquire
Florida Bar No.: 0014156
76 S. Laura St., Suite 1701
Jacksonville, Florida 32202
Tel.: (904) 309-6500
Fax: (904) 309-6501
Email: rspohrer@sdlitigation.com
gbauer@sdlitigation.com
jheape@sdlitigation.com

9

        scobb@sdlitigation.com
        eService@sdlitigation.com

and

Pedro C.V. Thomas, Esquire
New York Bar No.:  5800354
PEDRO THOMAS LAW
4494 Southside Blvd., Suite 100,
Jacksonville,  FL 32216
Email:  pedro@pedrothomaslaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic filing this 10th day of June, 2021 to all counsel of record.

*/s/ Galen D. Bauer*
Attorney